THE plaintiff had obtained a judgment in the Circuit Court of Law for Harrison county against the defendant. The defendant thereupon applied to the county court of Harrison, on the chancery side thereof, for an injunction to stay proceedings thereon, which was granted him. The plaintiff, not regarding the injunction, proceeded to carry his judgment into effect, on which the defendant obtained from the county court an attachment for hjs contempt in disobeying the order in chancery of the county court, by virtue of which the plaintiff was taken into the custody of the sheriff of that county. The plaintiff then applied to the judge of the superior court, during its session, for a habeas corpus, to bring his body before the court to do, submit to, and receive whatsoever should then be considered in this behalf, which was granted. The question before that court was whether the plaintiff was legally detained in custody, which depended on the point whether a county court can injoin the judgment of the superior court. It was adjourned to the general court. That court, June 15th, 1812, decided, u That “ Matthias Hite the plaintiff ought to be discharged, the “ county court having no right to make an order restrain- “ ing him from proceeding on his judgment at law ob- “ tained in the superior court of law.”